# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| LESLEY HUTCHISON, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 5:24-cv-6-BJB |
| ) | |
| v. ) | |
| ) | |
| PILGRIM'S PRIDE CORPORATION, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Lesley Hutchison, by and through her undersigned counsel, and, for her Complaint, states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky common law of contracts.

### THE PARTIES

2. Plaintiff Lesley Hutchison is a resident of Benton, Marshall County, Kentucky. Ms. Hutchison was, at all relevant times, an employee of Defendant at its facility in Hickory, Kentucky.

3. Defendant Pilgrim's Pride Corporation is a Delaware corporation with its principal office at 1770 Promontory Circle, Greeley, Colorado 80634. Its registered agent for service of process is Corporation Service Company, which may be served at 421 West Main Street, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Hutchison's federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Ms. Hutchison's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Hutchison in Graves County, Kentucky, which is located within this judicial district.

6. Ms. Hutchison filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Ms. Hutchison received a Notice of Right to Sue from the EEOC with respect to the charges set forth below fewer than ninety days prior to the filing of this Complaint. A copy of Ms. Hutchison's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant operates a poultry processing plant in Hickory, Kentucky ("the plant").

8. Defendant hired Ms. Hutchison in December 2021 as the Employment Manager at the plant.

9. Ms. Hutchison's primary duty as the Employment Manager was to keep the plant staffed at adequate levels, which involved issuing job advertisements, public relations work, attending job fairs, and screening and interviewing candidates for certain positions.

10. Ms. Hutchison reported to the Human Resources Manager.

11. Ms. Hutchison met her performance goals throughout her employment.

12. In fact, Ms. Hutchison performed so well that Defendant included her in an August 2022 raise issued to all salaried employees who had been with the company for at least a year, even though Ms. Hutchison had only worked there for eight months.

13. Around that time, however, problems arose with Jerry Walker, the Human Resources Manager who was Ms. Hutchison's direct boss.

14. Ms. Hutchison was friends with a female employee from the accounting department who shared with her that Mr. Walker had made inappropriate comments about her body.

15. Soon thereafter, at a company retreat in Nashville, two other employees witnessed Mr. Walker making inappropriate comments to the accounting department employee about her body.

16. Those other two employees reported the incident to Defendant, but Ms. Hutchison stayed out of it because she did not want to be involved in any situation involving her boss.

17. Defendant's Regional Human Resources Manager came to the plant to investigate the harassment allegations, and Mr. Walker began pressuring Ms. Hutchison by saying he knew she was involved in the situation and demanding she tell him what was happening.

18. The Regional Human Resources Manager met with Ms. Hutchison and said that he could not afford any more scandals after a previous fraud scandal involving employee referral bonuses.

19. Ms. Hutchison told the Regional Human Resources Manager the comments she was aware of Mr. Walker making to the accounting department employee.

20. While the investigation was proceeding, Mr. Walker altered a report Ms. Hutchison submitted to him by falsifying the numbers to make them better.

21. Ms. Hutchison reported the altered report to the Regional Human Resources Manager, and Defendant suspended Mr. Walker.

22. The following Monday, the Regional Human Resources Manager contacted Ms. Hutchison to question why she had submitted pay raises for the accounting department employee and for Ms. Hutchison's assistant, but Ms. Hutchison responded that she did not even know how to do such pay raises, which resulted in another investigation that showed that Mr. Walker had entered the office when no one else was there, broken into Ms. Hutchison's user account, and submitted the pay raises under her name.

23. Defendant terminated Mr. Walker based on that final event and, possibly, an additional incident in which Mr. Walker had falsified performance numbers such that the plant received a company-wide award.

24. Defendant replaced Mr. Walker as Human Resources Manager with an internal hire, who had been one of the people who reported Mr. Walker's sexual harassment.

25. The new Human Resources Manager began treating Ms. Hutchison differently than other employees immediately.

26. Managerial employees are supposed to greet every person they encounter in the plant, but the new Human Resources Manager would not even acknowledge Ms. Hutchison when they were standing next to each other unless she was criticizing her.

27. The new Human Resources Manager directed Ms. Hutchison to change certain processes and procedures, which Ms. Hutchison advised would not work well, but she made the changes as directed.

28. When the changes worked as poorly as Ms. Hutchison said they would, the new Human Resources Manager wrote up Ms. Hutchison.

29. On February 14, 2023, Defendant terminated Ms. Hutchison purportedly based on the accumulation of writeups she had received since she agreed to participate in the investigation into sexual harassment committed by a male employee who was only fired after multiple documented illicit activities.

30. Defendant promised all of its employees who had worked for it prior to 2022 a COVID bonus if they remained employed for the entire year of 2022.

31. Ms. Hutchison worked for Defendant in the year prior to 2022 and for the entire 2022 year, but Defendant did not pay her the COVID bonus.

32. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

33. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Hutchison has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

34. Ms. Hutchison realleges and incorporates herein the allegations contained in Paragraphs 1 – 33.

35. The treatment to which Ms. Hutchison was subjected and Defendant's termination of Ms. Hutchison were direct and proximate results of her participation in an investigation into allegations of sexual harassment.

36. Ms. Hutchison was within the zone of interests intended to be protected by the anti-retaliation provisions of Title VII.

37. Defendant's retaliation against Ms. Hutchison was willful and knowingly committed.

38. As a direct and proximate result of Defendant's retaliation, Ms. Hutchison was injured and suffered damages.

39. Ms. Hutchison has sustained a loss of back pay, benefits, and incidental expenses.

40. Defendant engaged in the retaliatory practices alleged in this first cause of action with malice and/or with reckless indifference to Ms. Hutchison's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a) & (b).

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41. Ms. Hutchison realleges and incorporates herein the allegations contained in Paragraphs 1 – 40.

42. Defendant terminated Ms. Hutchison without warning for circumstances that, even if they had been true, were far less serious than the conduct in which Jerry Walker, a male, was allowed to engage without similar punishment.

43. Defendant's actions alleged herein constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

44. Ms. Hutchison's sex was a motivating factor in Defendant's treatment of her.

45. Defendant's actions on the basis of Ms. Hutchison's sex were willful and knowingly committed.

46. As a direct and proximate result of Defendant's adverse treatment of Ms. Hutchison in violation of Title VII of the Civil Rights Act of 1964, Ms. Hutchison was injured and suffered damages.

47. Ms. Hutchison has sustained a loss of back pay, benefits, incidental expenses, and front pay.

48. Defendant engaged in the retaliatory practices alleged in this second cause of action with malice and/or with reckless indifference to Ms. Hutchison's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a) & (b).

## COUNT III

### BREACH OF CONTRACT

49. Ms. Hutchison realleges and incorporates herein the allegations contained in Paragraphs 1 – 48.

40. Defendant promised a bonus payment to employees who had been employed with the company prior to 2022 and who remained employed with it throughout 2022.

41. Ms. Hutchison fulfilled all the terms of the offer, but Defendant refused to pay her the bonus as it paid to other employees who fulfilled the terms.

42. Defendant's failure to pay the bonus to Ms. Hutchison constituted a breach of contract in addition to illegal retaliation and/or discrimination.

43. Ms. Hutchison was injured and suffered damages as a result of Defendant's failure to pay her the bonus she earned.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Hutchison respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Ms. Hutchison be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay, in an amount to be proven at trial, in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Ms. Hutchison be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation pursuant to Counts I and II, in an amount to be proven at trial;

6. That Defendant be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

7. That costs and discretionary costs be taxed against Defendant;

8. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k);

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
   TN BPR # 021714
    IL ARDC 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice:  (270) 443-9401
Fax: (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Lesley Hutchison*